IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANTANA WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD VALENZA, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 1:20-cv-289-RAH-KFP <br> (WO) |

## **ORDER**

### I.     INTRODUCTION

This action is before the Court on the Motion to Dismiss filed by Defendants Donald Valenza, Tonya Spivey, Mark Trawick and Roy Caine under Federal Rule of Civil Procedure 12(b)(6) (Doc. 45) filed on November 14, 2020.

Shantana Wilson ("Wilson") filed her initial complaint (Doc. 1) on April 29, 2020. After being afforded two opportunities to amend her complaint, the operative Second Amended Complaint brings claims under 42 U.S.C. § 1983 (Counts I, II III, IV and V), and state law claims for assault and battery (Counts VI, VII, VIII, IX and X). Wilson alleges she suffered injuries on April 26 and 27, 2019 due to excessive force used against her while she was incarcerated in the Houston County jail. (*See* Doc. 44.) The Second Amended Complaint only seeks monetary damages; Wilson does not seek any injunctive relief.

1

For the following reasons, the motion[1] is due to be GRANTED.

## II. LEGAL STANDARD

Because the motion to dismiss is filed under Fed. R. Civ. P. 12(b)(6), the Court accepts the Plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the operative complaint in the Plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the Court is guided by a two-prong approach: one, the Court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*.

---

[1] Counts V and X are asserted against an unserved defendant, and therefore are not the subject of the motion to dismiss. Further, Spivey, Trawick and Caine do not seek dismissal of the § 1983 claims (Counts II, III and IV) asserted against them.

2

at 555.

## III. FACTS

Wilson alleges the following facts in her Second Amended Complaint against the Defendants:

On April 26, 2019, Wilson was arrested for burglary and taken to the Houston County jail. (Doc. 44, p. 4.) While there, over the course of the next two days, Wilson encountered deputy sheriffs Spivey, Trawick, Caine, and Moultrie, all of whom engaged in an flurry of "violent beating, tasing, kicking and verbally abusing Ms. Wilson, the Plaintiff, who posed no threat to herself, the officers or others." (Doc. 44, p. 4.) For example, as to Spivey and Caine, after receiving a series of threats from Spivey, Wilson got on her knees and "[w]hile on her knees and handcuffed, Officer Caine . . . kicked Ms. Wilson on the left side of the back of her head with such force, it knocked Ms. Wilson to the floor." (Doc. 44, p. 5.) While on the floor, Defendant Moultrie "choked Ms. Wilson from behind and banged Ms. Wilson's head on the concrete floor up to five times with her face and forehead hitting the floor repeatedly." (Doc. 44, p. 5.) Then, later that evening, "Defendant Caine, pushed Ms. Wilson to the floor as Defendant Trawick, a large white male, kicked Ms. Wilson in the back of her head." (Doc. 44, p. 6.)

The following morning when breakfast was delivered to Wilson's cell, "Defendant Spivey, without justification and with deliberate indifference, tased Ms. Wilson." (Doc. 44, p. 6.)  Wilson received medical treatment approximately two hours later.

According to Wilson, as a result of her treatment by the deputies, she "suffered extreme emotional distress, mental anguish, post-traumatic stress, nightmares, permanent body scarring from the taser, physical pain and bodily injuries." (Doc. 44, pp. 6-7.)  "The force of the physical abuse caused Ms. Wilson's forehead [to] swell." (Doc. 44, p. 5.)  It has also caused "severe and ongoing headaches and bodily injuries." (Doc. 44, p. 7.)

## IV. DISCUSSION

**A. Official Capacity § 1983 Claim against Sheriff Valenza**

Count I of the Second Amended Complaint seeks monetary damages against Defendant Donald Valenza, the Sheriff of Houston County, Alabama, in his official capacity only.  Valenza seeks dismissal of this count, the only one against him, on grounds of immunity.  This count is due to be dismissed.

Claims asserted under 42 U.S.C. § 1983 against state or county officials in their "official capacity" are tantamount to suits against the state governmental entities served by such defendants and, absent waiver or consent, are barred by the Eleventh Amendment to the United States Constitution.  *See McMillian v. Monroe*

4

*County*, 520 U.S. 781, 785 n. 2 (1997) (observing that "a suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent'") (alterations in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting in turn *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 n. 55 (1978)); *see also Lassiter v. Alabama A&M University*, 3 F.3d 1482, 1485 (11th Cir. 1993) ("Official capacity actions seeking damages are deemed to be against the entity of which the officer is the agent."). Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it. *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Alabama sheriffs are deemed to be "arms of the State" when engaged in law enforcement activities and, consequently, are entitled to Eleventh Amendment immunity when sued in an official capacity under § 1983 for retrospective money damages. *McMillian*, 520 U.S. at 793 ("Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties."). Accordingly, Wilson's § 1983 claim (Count I) against Houston County Sheriff Donald Valenza in his official capacity is due to be dismissed.

    **B.    State Law Assault and Battery Claims against Deputy Sheriffs Tonya Spivey, Mark Trawick and Roy Caine**

Deputy Sheriffs Tonya Spivey, Mark Trawick and Roy Caine are sued both in their individual and official capacities for assault and battery. The deputies, with

little discussion of the factual allegations, argue they are entitled to state agent, sovereign, and jailer immunities. Of these, the Court need only discuss the defense of sovereign immunity, as that is dispositive as to the state law claims for assault and battery against these defendants.

Spivey, Trawick and Caine assert that, as deputy sheriffs, and given Wilson's allegation that they were working in the line and scope of their employment at the time of the incidents at issue, they are absolutely immune from suit pursuant to § 14 of the Alabama Constitution of 1901. (Doc. 46, p. 5) (citing *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000) (discussing Art. I, § 14, Ala. Const. of 1901)). Thus, they argue that Wilson's state-law claims of assault and battery asserted against them are due to be dismissed. The Court agrees.

In *Tinney v. Shores,* the Eleventh Circuit held that under § 14 of the Alabama Constitution of 1901, "sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state." 77 F.3d 378, 383 (11th Cir. 1996) (citing *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989)). The only exception to § 14 immunity, the Eleventh Circuit noted, involves "actions brought to enjoin the sheriff's conduct." *Id.* (citing *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994)).

Here, like in *Tinney,* the relief sought by Wilson in her state-law claims against the deputies is monetary, not injunctive. Therefore, under the holding in

*Tinney,* the Court finds that Spivey, Trawick and Caine, in both their individual and official capacities, are entitled to sovereign immunity on Wilson's state-law claims for assault and battery. *See Daniel v. Howell*, No. 2:20-CV-145-WKW, 2020 WL 7029152, at * 6 (M.D. Ala. Nov. 11, 2020) (applying *Tinney* and dismissing with prejudice state law claims against sheriff for, among others, assault and battery); *Carr,* 916 F.2d at 1527; *Todd v. Bailey*, No. 3:12cv589-MHT, 2018 WL 1674459, at * 22 (M.D. Ala. Apr. 6, 2018); *Cunningham v. Culliver*, No. 10–00114–CG–M, 2011 WL 6092431, at *20 (S.D. Ala. 2011); *Ex parte Tuscaloosa Cty.*, 796 So. 2d 1100, 1106 (Ala. 2000); *Matthews v. Alabama A & M Univ.*, 787 So. 2d 691, 698 (Ala. 2000). Accordingly, the Court finds that Counts VII, VIII and IX are due to be dismissed.

## V.  CONCLUSION

Based on the foregoing, it is

ORDERED as follows:

1. The Motion to Dismiss (Doc. 45) filed by Defendants Donald Valenza, Tonya Spivey, Mark Trawick and Roy Caine is GRANTED;

2. Count I, the sole claim against Defendant Donald Valenza, is dismissed with prejudice, and therefore Defendant Donald Valenza is dismissed as a party to this matter;

3. Counts VII, VIII and IX, all asserting claims for assault and battery against Defendants Tonya Spivey, Mark Trawick and Roy Caine, are hereby dismissed with prejudice;

4. This matter shall proceed forward against Defendants Tonya Spivey, Mark Trawick and Roy Caine on the § 1983 claims (Counts II, III and IV) for excessive and unreasonable force; and,

5. This matter shall proceed forward against unserved Defendant Moultrie as set forth in Counts V and X.  However, **the Plaintiff shall show cause on or by January 18, 2021 as to why this action against unserved Defendant Moultrie should not be dismissed without prejudice for failure to perfect service, pursuant to Fed. R. Civ. P. 4(m).**

DONE, this 28th day of December, 2020.

                                              /s/ R. Austin Huffaker, Jr.
                                     R. AUSTIN HUFFAKER, JR.
                                     UNITED STATES DISTRICT JUDGE